UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT HAMILTON, AU2583,<br><br>   Petitioner,<br><br> v.<br><br>DR. LEE, et al.,<br><br>   Respondent(s). | Case No. 21-cv-03552-CRB (PR)<br><br>**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS WITHOUT PREJUDICE** |

**I.**

Petitioner Albert Hamilton, a state prisoner incarcerated at California State Prison, Solano (SOL), has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the decision of prison officials at California State Prison, Los Angeles County (LAC) to transfer him to SOL and the care he is receiving at SOL for his Raynaud's syndrome, a condition in which some areas of the body feel numb and cool in response to cold temperatures and/or stress. Plaintiff seeks a court order transferring him to a state prison "south to stay warm," and compelling prison officials at SOL to provide him various accommodations and care for his Raynaud's syndrome and other medical conditions.

**II.**

Federal law opens two main avenues to relief on claims related to imprisonment: a petition for a writ of habeas corpus under 28 U.S.C. § 2254, and a complaint for violation of federal civil rights under 42 U.S.C. § 1983. Hill v. McDonough, 547 U.S. 573, 579 (2006). Habeas is the "exclusive remedy" for the prisoner who seeks "immediate or speedier release from confinement." Skinner v. Switzer, 562 U.S. 521, 525 (2011) (citation and internal quotation marks omitted). Where the prisoner's claim "would not necessarily spell speedier release, however, suit may be brought under § 1983." Id. (citation and internal quotation marks omitted). In fact, a § 1983 action

is the exclusive remedy for claims by state prisoners that do not "lie at the 'core of habeas corpus.'" <u>Nettles v. Grounds</u>, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (quoting <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 487 (1973)).

Here, petitioner seeks relief from his transfer to SOL and the care he is receiving at SOL for his Raynaud's syndrome and other medical conditions. But success on petitioner's challenge – an order transferring him to a state prison in a warmer part of the state and/or providing him various accommodations and care for his Raynaud's syndrome and other medical conditions at SOL – would not necessarily lead to his immediate or earlier release from confinement. <u>See</u> <u>Skinner</u>, 562 U.S. at 534. Put simply, petitioner's challenge to the conditions of his confinement at SOL does not fall within the "core of habeas corpus" and consequently "must be brought, if at all, under § 1983." <u>Nettles</u>, 830 F.3d at 934 (citations and internal quotation marks omitted).

### III.

For the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the conditions of petitioner's confinement at SOL is DISMISSED without prejudice to bringing a civil rights complaint under 42 U.S.C. § 1983 (or possibly under Title II of the Americans with Disabilities Act of 1990, 42 U.S.C.§ 12101 <u>et seq.</u> (ADA)) in the United States District Court for the Eastern District of California, in whose venue SOL lies and the pertinent prison officials presumably reside. <u>See</u> 28 U.S.C. § 84(b).

The clerk is instructed to close the file and terminate all pending motions as moot.

**IT IS SO ORDERED**.

Dated: June 22, 2021

_____
CHARLES R. BREYER
United States District Judge